IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ELBERT JOHN BENJAMIN RUTHERFORD,
      Plaintiff,

vs.                                      Case No.: 5:07cv221/RS/EMT

UNITED STATES DRUG ENFORCEMENT
ADMINISTRATION and BAY COUNTY
SHERIFF'S OFFICE,
      Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

      This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 and 28 U.S.C. §§ 1331, 1346 and <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)[1] (Doc. 1).  He has also filed a motion for leave to proceed in forma pauperis (Doc. 2), which will be granted.

      Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <i>id.</i>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  <u>Denton v. Hernandez</u>, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule

---

[1]In <u>Bivens</u>, the Supreme Court recognized an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.

of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face.  See Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21, 2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  Upon review of the complaint, the court concludes that it appears beyond doubt that Plaintiff has failed to state a plausible claim to relief; therefore, dismissal of this action is warranted.

Plaintiff names three Defendants in this action, the United States Drug Enforcement Agency (DEA), the Bay County Sheriff's Office (Sheriff's Office), and Sheriff Frank McKeithen (Doc. 1 at 1, 2).  Plaintiff's allegations are a paranoid narration of the alleged involvement of the DEA and the Sheriff's Office in his life over the past seven years.  The following facts are gleaned from Plaintiff's complaint and have been reorganized in chronological order.  In the year 2000, while Plaintiff was living in Bay County, Plaintiff "gave up" three names, apparently to the DEA (Doc. 1, attached page 2).  A law enforcement officer then lied about a traffic violation, and Plaintiff was sentenced to twenty-two months of incarceration (*id.*).  In late 2001, the DEA sent an agent to Plaintiff's neighborhood (Doc. 1 at 3).  A neighbor told Plaintiff that the agent said Plaintiff's landlord sold drugs, and the tenants distributed the drugs (*id.*).  The agent never approached Plaintiff (*id.*).  In May of 2002, the Sheriff's Office asked Plaintiff to come to the Office for questioning about an armed robbery, and Plaintiff voluntarily did so (Doc. 1, attached page 2).  Plaintiff was there for eight hours and took two voice stress tests (*id.*).  He finally told the officers to lock him up or let him go (*id.*).  Plaintiff believes that the questioning was a ruse, and the Sheriff's Office was really attempting to gain enough information to obtain a warrant to search him for weapons and drugs, because an officer questioned his girlfriend about drugs (*id.*).

In February of 2006, Plaintiff returned to Panama City from Greenville, South Carolina to escape the alleged wrongdoings of the DEA in Greenville (Doc. 1 at 3).  Plaintiff states that for two to three months, he slept in his truck and hotel rooms (Doc. 1 at 3, attached page 1).  Plaintiff states

that the desk clerk at one of the hotels "did the codes," which led Plaintiff to believe that the Sheriff's Office or DEA had shown his picture to people without a reason to do so (Doc. 1 at 3). Plaintiff states that he knows he was subjected to numerous warrantless searches of his belongings at the hotels, but he does not know who did it (Doc. 1, attached page 1).  In June of 2006, he moved to a residence and noticed that his garbage can was knocked over and the lights of his residence were left on (*id*.).  Plaintiff suggests that the DEA paid an informant to do these things (*id*.).

Plaintiff states that while he was in Panama City, from February to September of 2006, he obtained employment with Robert Campisi of AMC Electric (Doc. 1 at 3, attached page 4).  Plaintiff could tell that "everything was going to be the same" (Doc. 1 at 3).  Someone "slandered" Plaintiff's name to Mr. Campisi, and Mr. Campisi relayed the information to Plaintiff's church and business associates (*id*.).  Mr. Campisi also conspired with an "oil/lube" business to loosen the valve cover gasket bolts of Plaintiff's truck so that his truck would leak oil on customers' driveways, giving Mr. Campisi as an excuse to terminate Plaintiff's employment (Doc. 1, attached pages 2–3).  Plaintiff states that Mr. Campisi did other things to force Plaintiff to quit his job, such as telling people to treat Plaintiff "differently" and steal his tools (*id*. at 3).  During this time, Plaintiff went to Marc Douglas' house, and while he was there someone obtained a key to his truck, tampered with it such that he could barely drive it home, and left his door unlocked (*id*.).  Plaintiff states the DEA illegally placed an electronic surveillance device in his truck so they would know when to execute warrantless searches (*id*., attached page 4).  Plaintiff states that he obtained a stereo from Mr. Campisi, but he has not yet determined if the stereo is an illegal electronic surveillance device (*id*.). Before Plaintiff left town to return to South Carolina in September of 2006, someone changed his running light and dash light fuses in his truck (*id*., attached pages 3–4)  Plaintiff states that he looks back on his life and now realizes that people at gas stations, fast food restaurants, and his places of employment "all does the codes" (Doc. 1 at 3).

Additionally, Plaintiff states that numerous people have told him how to manufacture methamphetamine and LSD, and he believes that the DEA is trying to entrap him (Doc. 1, attached page 3).  He additionally believes that the DEA provides a chemical or drug to fast food chains and food distributors, for example, Popeye's, Banquet, and Chef Boyardee, and the drug creates a "distinct smell for meth," causes paranoia, and creates sights and sounds, similar to the effects of

LSD except "sights tend to move at night," and with LSD "there are no audible sounds" (*id.*, attached pages at 4–5). Plaintiff believes that his employer and other informants know about the drug, and someone is coming to his house and putting it in his leftovers (*id.*, attached page 5).

Plaintiff claims that the DEA and the Sheriff's Office engaged in harassment, violated federal criminal drug laws, and conspired to violate federal statutes and regulations governing food safety (Doc. 1 at 4). Plaintiff requests that Defendants be ordered to "pay to the fullest extent of the law" (*id.*). He also requests an injunction establishing a time limit for the DEA's investigation of him as a drug dealer (*id.*).

Initially, the allegations of the complaint, taken as true, demonstrate that Plaintiff's claims involving events that occurred from 2000–2002 are barred by the statute of limitations. Because § 1983 does not contain a specific statute of limitations, § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. The Supreme Court has further stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. *See* Owens v. Okure, 488 U.S. 235, 236, 249–50, 109 S. Ct. 573, 574, 580–82, 102 L. Ed. 2d 594 (1989); *see also* Wilson v. Garcia, 471 U.S. 261, 276–80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985) (holding that the statute of limitations for § 1983 is based upon the applicable state law limitations for a private tort action), *superseded by statute on other grounds, as stated in* Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377–78, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004). The Supreme Court further stated that the statute, once selected, should govern all §1983 actions arising in that state. Wilson, 471 U.S. at 275; *see also* Jones v. Preuit & Mauldin, 763 F.2d 1250,1252 (11th Cir. 1985) (citations omitted). A Bivens action is subject to the same statute of limitations that would apply to a complaint brought pursuant to § 1983. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir.1996). The applicable statute of limitations in Florida is four (4) years. Baker v. Gulf & Western Industries, 850 F.2d 1480, 1481 (11th Cir. 1988); *see* Fla. Stat. § 95.11(3) (1991). Although the court applies Florida law in regard to the statute of limitations, federal law determines the date on which the statute begins to run, that is, when the cause of action has accrued. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir.1996). The general federal rule is that a cause of action "will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted

the injury." Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (citation omitted) (emphasis added); *see also* Brown v. Georgia Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003).

In the instant case, the events of which Plaintiff complains during the years 2000, 2001, and 2002, specifically, an officer's fabricating a traffic violation which resulted in Plaintiff's incarceration, the DEA's sending an agent to Plaintiff's neighborhood to tell neighbors that Plaintiff's landlord sold drugs and the tenants distributed them, and the Sheriff's Office questioning Plaintiff about an armed robbery, occurred more that four years prior to September 19, 2007, the date Plaintiff filed the instant complaint (*see* Doc. 1 at 1).  Plaintiff clearly knew that he suffered the injuries that form the basis of his complaint at the time these events occurred.  Furthermore, even if Plaintiff did not know the identities of the DEA and Sheriff's Office employees who inflicted the alleged injuries at the time the injuries occurred, he could have determined their identities through reasonable diligence, and thus, should have known their identities within four years.  As such, Plaintiff's claims regarding events that occurred in 2000, 2001, and 2002 are time-barred, and he has, therefore, failed to state a claim upon which relief may be granted.

Plaintiff's remaining allegations that the DEA unlawfully entered his truck and residences and conducted searches, tampered with his truck and planted an electronic surveillance device in it, monitored his activities by showing his picture to strangers and giving them "codes" to notify them of when they saw him, and tainting his food with a drug, fall within the category of cases "describing scenarios clearly removed from reality." Sultenfuss v. Snow, 894 F.2d 1277 (11th Cir. 1990) (citing Neitzke, 490 U.S. at 325).  Such fantastic facts are clearly baseless and therefore not actionable under 42 U.S.C. § 1983, Bivens, or 28 U.S.C. § 1331 or § 1346.  Accordingly, his remaining claims should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1.      That Plaintiff's claims against Defendants for events that occurred in the years 2000, 2001, and 2002 be **DISMISSED with prejudice** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      That Plaintiff's remaining claims be **DISMISSED with prejudice** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3.      That this action be **DISMISSED** and the clerk be directed to close the file.

At Pensacola, Florida, this 10th day of October 2007.


_/s/ Elizabeth M. Timothy_____
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  _See_ 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**